UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHASSIDI BETNEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:22-cv-06832 |
| | ) | |
| v. | ) | |
| | ) | |
| CADENCE EDUCATION, LLC | ) | |
| D/B/A CADENCE ACADEMY | ) | Jury Trial Demanded |
| PRESCHOOL, | ) | |
| | ) | |
| Defendant. | | |

## COMPLAINT

Plaintiff, Chassidi Betney ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Cadence Education, LLC d/b/a Cadence Academy Preschool ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendants race-based discrimination and retaliation under Section 1981 and Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Plaintiff worked in this judicial district, at Defendant's location located at 1280

Kuhn Rd. Carol Stream, IL 60188-9225.

5. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

6. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

7. All conditions precedent have been fulfilled or been complied with.

8. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

9. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

10. This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

11. At all times material to the allegations of this Complaint, Plaintiff, Chassidi Betney, resides in Cook County, Illinois.

12. At all times material to the allegations in this Complaint, Defendant, Cadence Education, LLC d/b/a Cadence Academy Preschool is a limited liability company, operates and transacts business in Dupage County.

13. Defendant's Headquarters address is 8800 North Gainey Center Dr. Suite 300 Scottsdale, Arizona 85258-2165.

## BACKGROUND FACTS

14. Plaintiff is an African-American.

15. Plaintiff began working for Defendant as a Teacher's Assistant on or about February 24, 2022.

16. Since at least February 24, 2022 through June 21, 2022, Defendant subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class.

17. Upon being hired and beginning employment with Defendant, Plaintiff observed that she was the only African-American and only person of color as a teacher's assistant in the facility location at Kuhn Rd.

18. Like most new employees, Plaintiff was excited to start her new position.

19. Plaintiff was particularly excited about starting the teacher's assistant position with Defendant because she aspires to become a teacher.

20. However, with a short amount of time of starting employment Plaintiff began to be treated less favorably than similarly situated Caucasian employees.

21. The disparate treatment that Plaintiff was subjected to that Plaintiff intends to show that she was discrimination against on the basis of race stems from Manager Jamie Rice's treatment of Plaintiff.

22. Manager Rice yelled at Plaintiff for speaking to other coworkers but never said anything to any of the Caucasian employees in the company about this.

23. Manager Rice would also exclude Plaintiff from meetings but would tell all the other Caucasian teacher's assistants to attend.

24. On or about June 8, 2022, the class went on a field trip and even though it was

expected that Plaintiff ride with the other teacher's assistants, Manager Rice refused to let me travel with the group.

25. Manager Rice told Plaintiff, "take your own car."

26. Manager Rice's treatment of Plaintiff made Plaintiff feel that she was constantly segregated and that she was working in the Jim Crow era.

27. Because Plaintiff began to suffer significantly, Plaintiff reported her complaints of being treated differently on the basis of race to Manager Trina Shannon, who is another African-American employee that Plaintiff observed being mistreated by Manager Rice due to Manager Shannon's race.

28. After reporting to Manager Shannon, in or around June 2022, Plaintiff made several attempts to contact Human Resources.

29. Human Resources did not answer or return my calls.

30. However, in June Plaintiff was able to report her concerns about being treated less favorably on the basis of her race to Mrs. Iris and Mrs. Andrea.

31. Once my complaints were made known, Plaintiff felt unwelcome and out casted.

32. Shortly after the complaints were reported to Mrs. Iris and Mrs. Andrea, Plaintiff was terminated on June 21, 2022 by Manager Rice in retaliation for engaging in protected activity and on the basis of Plaintiff's race.

33. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

34. Plaintiff suffered discrimination on the basis of her race and suffered retaliation for engaging in protected activity.

## COUNT I

**Race-Based Discrimination in Violation of 42 U.S.C. § 1981**

35. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

36. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

37. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

38. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

39. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

## COUNT II
**Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.**
**Race-Based Discrimination**

40. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

41. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

42. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation

of Title VII of the Civil Rights Act of 1964.

43. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

44. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

**COUNT III**
**Violation of 42 U.S.C. § 2000e, *et seq.***
**Retaliation**

45. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

46. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

47. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful race-based harassment and discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

48. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

49. By virtue of the foregoing, Defendant retaliated against Plaintiff based on his attempts to report the race-based harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

50. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

51. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless

violation of Title VII.

52. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Compensatory and punitive damages;

    d. Reasonable attorneys' fees and costs;

    e. Award pre-judgment interest if applicable; and

    f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 6th day of December, 2022.

                                                 */s/ Nathan C. Volheim*
                                                 **NATHAN C. VOLHEIM, ESQ.**
                                                 IL Bar No.: 6302103
                                                 **SULAIMAN LAW GROUP LTD.**
                                                 2500 S. Highland Avenue, Suite 200
                                                 Lombard, Illinois 60148
                                                 Phone (630) 568-3056
                                                 Fax (630) 575 - 8188
                                                 nvolheim@sulaimanlaw.com
                                                 *Attorney for Plaintiff*

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*